UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXANDER GORSLINE**, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**NUTANIX, INC., RAJIV RAMASWAMI, DUSTON WILLIAMS,** and **RUKMINI SIVARAMAN**,<br><br>　　　　　Defendants. | Case No.  4:23-cv-01827-YGR<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. No. 12, 27 |

　　　　Now before the Court is movant Alexander Gorsline's motion for appointment of lead plaintiff, and for approval of his selection of lead counsel. (Dkt. No. 12.) For the reasons set forth below, the motion is **GRANTED**.[1]

**I.　APPOINTMENT OF LEAD PLAINTIFF**

　　　　The PSLRA instructs district courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).  This is done through a three-step process.

　　　　"The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u–4(a)(3)(A).  The first plaintiff to file an action covered by the Reform Act must post this notice 'in a widely circulated national business-oriented publication or wire service.' 15 U.S.C. § 78u–4(a)(3)(A)(i).  The notice must also state that 'any member of the purported class may move the court to serve as lead plaintiff.'  15 U.S.C. § 78u–4(a)(3)(A)(i)(II)." *Id.*

　　　　The second step requires the Court to "consider the losses allegedly suffered by the various plaintiffs" and to choose the "'presumptively most adequate plaintiff.'" *Id.*  The "most capable"

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Accordingly, the Court **VACATES** the motion hearing set for July 18, 2023.

plaintiff is generally "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *Id*. "In other words, the district court must compare the financial stake of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information [plaintiff] has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. at 730.

The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The Court finds the first step is met here. On April 14, 2023, counsel for Gorsline published the required notice in *Globe Newswire*. As required, it announced that this action was filed and advised other plaintiffs that they have 60 days from the date of the notice to file a motion to be appointed as lead plaintiff. (Dkt. No. 12-2, Pafiti Decl. at Ex B.)

The Court also finds the second step is met here. Gorsline submitted a declaration certifying that he purchased 6,000 shares of Nutanix stock during the Class Period at a cost of $174,658, retained that stock through the class period, and suffered losses of approximately $15,658 on his investments in Nutanix stock during the class period. (*See* Dkt. No. 12 at 2.) The Court has reviewed the supporting materials, and takes note that no other plaintiff has challenged Gorsline's claim, and finds that Gorsline has alleged the most financial loss.

Gorsline has also made a *prima facie* showing of typicality and adequacy under Rule 23(a). The typicality requirement is readily satisfied as Gorsline's claims arise out of the same events and are based on the same legal theories as the claims of other class members. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."). As the plaintiff with the highest financial interest, he has a strong incentive to pursue vigorously a substantial recovery for all putative class members. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999) ("The Ninth Circuit has held that representation

is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.") (citing *in re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

As no alternative plaintiffs have come forth in this action, the third step also weighs in favor of appointing Gorsline as lead plaintiff. Accordingly, the motion is **GRANTED** as to the appointment of Gorsline as lead plaintiff.

## II. APPROVAL OF SELECTION OF LEAD COUNSEL

Section 78u-4(a)(3)(B)(v) provides: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Here, Gorsline has selected Pomerantz LLP to serve as lead counsel. (Dkt. No. 12 at 10-11.) Pomerantz has significant experience litigating securities class actions. (*Id.*; Pafiti Decl., Ex. D).) Because Gorsline has made a "reasonable choice of counsel," the Court will "defer to that choice." *See Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

## III. CONCLUSION

The Court **APPOINTS** Gorsline as lead plaintiff and **APPOINTS** Pomerantz LLP as lead counsel to represent the putative class in this action. Further, in light of the stipulation filed at docket number 27, the Court **VACATES** the CMC set for July 17, 2023.

This Order terminates Docket Numbers 12 and 27.

**IT IS SO ORDERED.**

Dated: July 12, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**